IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Lianjun Wang, Guohua Chen, and Jiabao Wang, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>)<br>) |
| Monica Ribbeck, | )<br>) |
| Defendant. | )<br>) |

**COMPLAINT FOR LEGAL MALPRACTICE**
**Count I – Legal Malpractice**

Plaintiffs Lianjun Wang, Guohua Chen and Jiabao Wang, by and through their attorneys, the Clinton Law Firm, LLC, complain of the Defendant Monica Ribbeck ("Ribbeck") as follows:

1. Plaintiffs are citizens of China. Jiabao Wang is the son of Lianjun Wang and Guohua Chen.

2. Defendant is a citizen of the State of Illinois and at all relevant times was an attorney licensed to practice law in Illinois.

3. There is complete diversity between the parties as the plaintiffs are citizens of a foreign country defendant is a citizen of the state of Illinois and the matter in controversy exceeds $75,000, exclusive of interest and costs. 28 USC 1332.

1

## FACTUAL BACKGROUND

4. On August 24, 2010, Plaintiffs Guohua Chen and Jiabao Wang boarded Henan Airlines flight 8387 in China at Harbin airport. There were 96 people on board. The plane crashed at 21:36 local time Yichun Lindu airport, while attempting to land. Of the 96 passengers, 44 died and 52 survived, including Guohua Chen and Jiaobao Wang. Lianjun Wang was not on the flight.

5. The plane was an I90 LR made by Embraer Airlines, which is headquartered in Brazil. The plane's engines were manufactured by General Electric, a corporation with its headquarters in the United States.

6. A few days after the accident, Monica Ribbeck instructed her colleague Guanhua "William" Wang to meet with the victims of the crash and their families. Ribbeck did not personally travel to China. At all times, Guanhua Wang was the agent of Ribbeck.

7. Ribbeck prepared and presented a Power Point Presentation, which was 60 pages long. Guanhua Wang delivered the Presentation to the victims of the accident.

8. In the Presentation, Ribbeck offered to represent the Plaintiffs and explained that she had vast experience in representing victims of air crash disasters in the courts of the United States. See Exhibit Henan Presenation Parts 1, 2, and 3.

9. Ribbeck then provided each plaintiff with an agreement for legal services written in Chinese.

2

10. In December 2010, each Plaintiff signed the Agreement. The Agreements of Guohuo Chen is attached as Exhibit 1. Plaintiffs do not possess copies of the attorney agreements signed by Jiabao Wang and Lianjun Wang. Jiabao Wang and Lianjun Wang signed such agreements that were identical to that signed by Guohua Chen. Plaintiffs reasonably believe that Ribbeck has the signed agreements of Jiabao Wang and Lianjun Wang in her custody. Exhibit 2 is an example of an agreement that the plaintiffs signed with Ribbeck.

11. Plaintiffs Lianjun Wang and Jiabao Wang reasonably believed that Ribbeck, or her representatives would provide them with signed copies of the attorney agreements, but she never did. Because Ribbeck did not provide them with copies of the signed attorney agreements, Ribbeck should be equitably estopped from claiming that she did not have an attorney-client relationship with Jiabao Wang and Lianjun Wang.

12. Ribbeck entered into an attorney-client relationship with Plaintiffs. Ribbeck owed a duty of case to each of the plaintiffs to diligently investigate and file their case against General Electric and Embraer.

13. Ribbeck promised to sue Embraer and General Electric on behalf of the plaintiffs. She told Plaintiffs that they had good and valuable causes of action against Embraer and General Electric.

14. Despite her promises, Ribbeck did not file suit against Embraer or General Electric at any time.

3

15. For several years through William Wang, Ribbeck informed Plaintiffs that their case was proceeding in the courts, even though she knew that their case was not proceeding in the courts because she had not filed the case.

16. As a result of Ribbeck's failure to file the case, the plaintiffs' claims became time-barred.

17. But for Ribbeck's breach of duty, plaintiffs would have recovered on their claims against General Electric and Embraer.

18. Because of Ribbeck's breach of duty, plaintiffs sustained economic damages.

19. Plaintiffs did not discover Ribbeck's failure to file the case until December 2015 when they came to the United States.

20. At some point in 2016, Ribbeck closed her office and removed her website from the internet.

21. Plaintiffs inquiries to Ribbeck went unanswered.

22. At no time did Ribbeck ever provide them with any truthful communications concerning the statute of their claims arising out of the accident.

23. As a result, plainiffs were unaware that no case had been filed.

24. Plaintiffs did not learn of the breach of duty by Ribbeck until it was too late to file the case.

25. Ribbeck's breach of the duty of care caused Plaintiffs to lose their claims, because any lawsuits or claims they could file are not time-barred.

WHEREFORE, Plaintiffs Lianjun Wang, Guohua Chen and Jiabao Wang, on behalf of themselves and all others similarly situated, respectfully request that this Court enter judgment against Monica Ribbeck in the amount of actual damages sustained, plus costs and legal fees.

Plaintiffs demand a jury trial.

                                              Lianjun Wang
                                              Guohua Chen,
                                              Jiabao Wang,

By: /s/ Edward X. Clinton, Jr.

Edward X. Clinton, Jr.
The Clinton Law Firm, LLC
111 West Washington Street, Suite 1437
Chicago, IL 60602
(312) 357-1515
edwardclinton@icloud.com
ARDC 6206773